UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BROWN EDWARDS, JR.,

        Plaintiff,                Case No. 1:13-cv-1073

v.                                    Honorable Paul L. Maloney

ROGER A. GERLACH et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Upon initial review, the Court has determined that the allegations of the complaint[1] are sufficient to warrant service. In his complaint and brief in support of his complaint (docket ##1, 2), Plaintiff requests an order for preliminary injunction. For the reasons that follow, Plaintiff's request is denied.

## Background

Plaintiff presently is incarcerated at the Richard A. Handlon Correctional Facility. In his *pro se* complaint, Plaintiff sues Doctors Roger A. Gerlach and Unknown Burke for violating his Eighth Amendment rights and Doctor Gerlach for violating his First Amendment rights.

In his complaint, Plaintiff states that he suffers from a tumor in his stomach and excessive blood loss due to rectal bleeding. Plaintiff complains that Defendants have failed to treat

---

[1] Plaintiff titled his filing as "Order to Show Cause for Preliminary Injunction," which the Court construes as his complaint. (*See* Compl., docket #1, Page ID#2.)

his symptoms in violation of his Eighth Amendment rights.  Plaintiff also asserts that Dr. Gerlach threatened to delete Plaintiff's medical records if Plaintiff filed suit against him.  Plaintiff seeks preliminary injunctive relief in the form of an order (1) for Defendants to approve surgery for removal of his tumor, (2) to stop Defendants from violating his constitutional rights, (3) to stop Defendants from continuing to harm Plaintiff, and (4) so Defendants will not retaliate against him for filing the preliminary injunction.  (Compl., docket #1, Page ID#2.)

## Discussion

The issuance of preliminary injunctive relief is committed to the discretion of the district court.  *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000).  In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction.  *Id.*  These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers.  *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also Ne. Ohio Coal.*, 467 F.3d at 1009.  Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. 1984).  The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir.

2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff has not made such a showing. It is not at all clear from Plaintiff's *pro se* complaint that Plaintiff has a substantial likelihood of success on his claims. Although the Court has concluded that Plaintiff's allegations are sufficient to warrant service of the complaint, the allegations are not sufficient at this early stage of the proceedings to show a strong likelihood of success on any of his constitutional claims. First, it is an open question whether Plaintiff will successfully prove that his medical ailments were caused by Defendant's deliberate indifference or whether his complaint merely involves a difference of opinion with his medical care provider for the treatment of his symptoms. Moreover, there is no evidence that Defendant Gerlach will retaliate against Plaintiff for filing the instant civil rights action by deleting Plaintiff's medical files except for Plaintiff's conclusory allegations.

The second factor, the presence of irreparable harm, does not strongly support the issuance of a preliminary injunction. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *See Overstreet*, 305 F.3d at 578. Plaintiff has complained of blood coming from his rectum since 2001 and a stomach tumor since September 2013. Although Plaintiff may continue to suffer from his medical ailments during the course of his litigation, it is not clear that any harm would be irreparable given the twelve year span of Plaintiff's rectal bleeding claim and the dubiousness of success of both of his Eighth Amendment claims.

Moreover, it is entirely speculative whether Defendant Gerlach will retaliate against Plaintiff by deleting his medical files for filing the instant civil rights action. Plaintiff therefore has not met his burden of showing an immediate, concrete and irreparable harm in the absence of a preliminary injunction as to his First Amendment claim.

Finally, the interests of identifiable third parties and the public at large weigh against an injunction. Decisions concerning prisoner medical care are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover*, 855 F.2d at 286-87. That showing has not been made here. As a result, the public interest is not served by granting the motion for a preliminary injunction.

## **Conclusion**

For the foregoing reasons, the Court concludes that preliminary injunctive relief is not warranted. The Court therefore will deny Plaintiff's request for a preliminary injunction in his complaint (docket #1). An Order consistent with this Opinion will issue.

Dated:   October 18, 2013                           /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    Chief United States District Judge